T.C. Memo. 2001-105

UNITED STATES TAX COURT

MORTIMER Z. LANDSBERG, PROPRIETOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10468-99.                           Filed May 2, 2001.

Mortimer Z. Landsberg, pro se.

<u>Wendy K. Abkin</u>, for respondent.

MEMORANDUM OPINION

CARLUZZO, <u>Special Trial Judge</u>:  Respondent determined a
deficiency of $2,719 in petitioner's 1995 Federal income tax.

The issue for decision is whether petitioner's 1995 net
earnings from self-employment and self-employment tax are
computed with reference to California's community property laws.

Background

Some of the facts have been stipulated and are so found. Petitioner married Molly McGowan in 1980. They separated towards the end of 1995 and were subsequently divorced. During 1995, both were residents of California.

During 1995, each was the sole proprietor of a business. Petitioner was, and is, an independent sales representative for a company that manufactures designer plumbing fixtures. Ms. McGowan was an interior decorator. Ms. McGowan did not participate in any manner in petitioner's business, nor did he in hers.

Petitioner and Ms. McGowan filed separate Federal income tax returns for 1995. Taking into account one-half of the income and one-half of the deductions attributable to petitioner's sole proprietorship, petitioner reported net profit of $20,947 on a Schedule C, Profit or Loss from Business, included with his 1995 return.[1] On the basis of the net profit reported on the Schedule C, on a Schedule SE, Self-Employment Tax, included with his 1995 return, petitioner reported net-earnings from self-employment of $19,345 and a self-employment tax of $2,960.[2]

_____

[1] The 1995 Federal income tax return filed by Ms. McGowan also includes a Schedule C on which one-half of the income and one-half of the deductions attributable to petitioner's sole proprietorship are reported.

[2] Ms. McGowan apparently did the same.

In the notice of deficiency, respondent determined that petitioner understated his self-employment tax liability. According to the explanation contained in the notice of deficiency, "in a community property State, where self-employment income is earned by the husband, unless the wife exercises substantially all of the management and control of the trade or business, all of the income will be treated as the income of the husband for self-employment tax purposes."

Discussion

The parties agree that because of California's community property laws, for purposes of the tax imposed pursuant to section 1,[3] petitioner properly reported items of income and deductions attributable to his sole proprietorship on the Schedule C included with his 1995 return.  They disagree, however, as to the consequences of the community property laws on petitioner's self-employment tax liability.  According to petitioner, California's community property laws must be taken into account not only in determining his section 1 tax liability, but also in determining his liability for the self-employment tax imposed by section 1401.

In addition to other taxes, an individual's self-employment income is subject to a self-employment tax.  See sec. 1401.

---

[3] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, in effect for 1995.

Subject to irrelevant exclusions, self-employment income means net earnings from self-employment. See sec. 1402(b). Net earnings from self-employment generally include gross income derived from any trade or business carried on by the individual, less allowable deductions attributable to such a trade or business. See sec. 1402(a). However, in a community property State, if any of the income derived from a trade or business is community property under that State's community property laws, "all of the gross income and deductions attributable to such trade or business shall be treated as the gross income and deductions of the husband unless the wife exercises substantially all of the management and control of such trade or business". Sec. 1402(a)(5)(A).

Respondent points out that Ms. McGowan did not exercise any management or control over petitioner's business during the year in issue, and argues that pursuant to section 1402(a)(5)(A), petitioner's 1995 self-employment tax liability is computed without taking into account the community property laws of California.

According to petitioner, section 1402(a)(5)(A) does not apply because it "only serves as a protection to taxpayers who, in the absence of such provision, could be subject to double the amount of self-employment tax intended by Congress." In effect, petitioner argues that in the case of a taxpayer subject to

community property laws, the intended and exclusive purpose of section 1402(a)(5)(A) is to prevent the application of the self-employment tax to that part of the taxpayer's net earnings from self-employment that would otherwise exceed the contribution and benefits base as determined under section 230 of the Social Security Act.  Section 1402(a)(5)(A) provides the "protection" that petitioner suggests, but it also provides support for the determination of a deficiency.  See, e.g., Charlton v. Commissioner, 114 T.C. 333 (2000); Webb v. Commissioner, T.C. Memo. 1996-550; Klingler v. Commissioner, T.C. Memo. 1987-46; Heidig v. Commissioner, T.C. Memo. 1986-411; Chang v. Commissioner, T.C. Memo. 1984-259.

Respondent's brief cites only Webb v. Commissioner, supra. As in this case, the taxpayer and the taxpayer's spouse in Webb were subject to California's community property laws.  In that case, we sustained the Commissioner's determination that under the provisions of section 1402(a)(5)(A), all of the taxpayer's nonemployee compensation must be taken into account in the computation of the taxpayer's self-employment tax liability, although that same compensation was subject to the community property laws of California for purposes of computing the taxpayer's taxable income and section 1 tax liability.

Petitioner argues that we should not follow Webb for two reasons:  (1) It is factually distinct, and (2) "there was no

discussion by the Court as to the reasoning and rational behind this holding other than citing * * * [section 1402(a)(5)(A)] and the related Treasury Regulation." We agree that there are factual distinctions between this case and Webb. However, it would serve little purpose to discuss those distinctions in detail because we find that none is of any consequence. Furthermore, we think the language of section 1402(a)(5)(A) is sufficiently clear so that reference to the statute is all that was necessary in that case, as it is in this case, to support its application.

On brief, petitioner invites us to ignore several other cases that support respondent's determination because "none * * * take into account * * * the practical aspects of how to treat such an attribution of income * * * [to a married individual who files a separate] tax return." Except as provided by section 6017,[4] however, we fail to see how the filing status of the taxpayer makes any difference for purposes of section 1402(a)(5)(A).

In accordance with the provisions of section 1402(a)(5)(A) petitioner must take into account all of the income and

---

[4] Sec. 6017 states, in relevant part: "In the case of a husband and wife filing a joint return * * * [the self-employment tax] shall not be computed on the aggregate income but shall be the sum of the [self-employment] taxes computed * * * on the separate self-employment income of each spouse." The concept of "separate self-employment income of each spouse" in sec. 6017 is entirely consistent with sec. 1402(a)(5)(A).

deductions attributable to his sole proprietorship in computing his 1995 self-employment tax.  Respondent's determination in this regard is therefore sustained.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered for respondent</u>.